CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 6 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SAMUEL D. QUINN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:06-cv-00076 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: Hon. James C. Turk |
|     Defendant(s). | ) | Senior United States District Judge |

    Plaintiff Samuel D. Quinn, proceeding pro se, brings this unidentified action, alleging that his confinement for mental health treatment violates the Eighth and Thirteenth Amendments to the United States Constitution. Quinn seeks his immediate release in addition to compensatory and punitive damages. Quinn included $250.00 with his pleading. After reviewing the pleading, the court is of the opinion that plaintiff's claims are more appropriately filed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, and dismissed summarily without prejudice, for failure to exhaust state court remedies.[1] Because the filing fee for a habeas petition is only $5.00, the court will direct the clerk to return the remainder of plaintiff's money to him.

    A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies pursuant to §2254, a court must consider whether the "core" of the litigant's claim concerns the fact or duration of his confinement and whether a claim of damages is ancillary to and dependent on a favorable resolution of the length of his confinement. Todd v. Baskerville, 712 F.2d 70 (4th Cir.

---

[1] Pursuant to Rule 4 of the Rules Governing §2254 Cases, the reviewing judge may summarily dismiss a habeas petition if it is clear that the petitioner is not entitled to relief.

1

1983). If the core of the complaint does so concern the fact or length of confinement, then the pleading is properly considered as a habeas action. Id.

In this case, plaintiff is clearly contesting the legality of his continued confinement under a court order authorizing involuntary mental health treatment. In a case Quinn filed with the court in 2002, he advised that he was involuntarily committed for mental health treatment at the Southern Virginia Mental Health Institute in Danville, Virginia, after being found not guilty of a criminal charge by reason of insanity. See Quinn v. Commonwealth, 7:02-cv-00840 (W.D. Va. 2002). When a defendant in Virginia is found not guilty by reason of insanity, he is committed by circuit court order to the custody of the Commissioner of Mental Health of Mental Retardation ("the Commissioner"), pursuant to Virginia Code §19.2-182.2, et. seq, for involuntary mental health treatment. Every six months he is scheduled for a court review of the continuation of his confinement and treatment. §19.2-182.5. Apparently, at Quinn's most recent review hearing, the circuit court found Quinn unsuitable for release and renewed his commitment to the custody of the Commissioner. Accordingly, Quinn is currently confined under the most recent court judgment holding that his involuntary commitment for treatment should be continued. In his pleading, he is clearly contesting the legality of his continued confinement, and his exclusive initial cause of action is in habeas.

Once the complaint is construed as a petition for a writ of habeas corpus, the initial mislabeling of the action would not normally require dismissal. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Provided the claim meets the threshold requirements, the court could address it on the merits. Haines v. Kerner, 404 U.S. 519 (1972). Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the

courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

In Virginia, a non-death row felon can exhaust his state court remedies in one of two ways. First, he can file a state habeas petition with the circuit court that issued the judgment, with an appeal of an adverse decision to the Supreme Court of Virginia. In the alternative, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition offers no indication whatsoever that Quinn has presented his claims to the Supreme Court of Virginia and received a ruling from that court, as required for exhaustion under §2254(b). The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Petitioner's failure to exhaust his state remedies mandates summary dismissal of his petition by this court, pursuant to Rule 4.

In this action, plaintiff also requests monetary damages against unnamed defendants. However, plaintiff's claims for damages for a wrongful judgment caused by defendants' allegedly unconstitutional conduct will not accrue until the judgment has been held invalid by a court of law. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, Quinn's present claims for monetary damages must be dismissed without prejudice. An appropriate order shall be issued this day.

ENTER: This 6th day of February, 2006.

_____
Senior United States District Judge

3